# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NEALE, JR., | Case No. 1:20-cv-01079-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| SHERMAN, *et al.*, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| Defendants. | |
| | (ECF No. 2) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Joseph Neale, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 4, 2020, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court Cases: (1) Neale v. Horel, Case No.

1

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In his complaint, Plaintiff alleges that he has been denied the ability to retire so he can pursue an educational program. (ECF No. 1.) Plaintiff alleges that he was enrolled in a voluntary college program in 2016, but after 16 months was abruptly withdrawn from school and compelled to wipe tables in the dining hall from 0400 to 1000 hours. Plaintiff also states, however, that he was compelled to withdraw because his own limited and finite energies did not allow him to concentrate and participate in both work and school. Plaintiff alleges that he is 70 years old and believes that pursuing his education can prevent him from being affected by Alzheimer's Disease. Plaintiff requests that he be allowed to remain in school and not be forced to do menial labor that saps his limited energy. (Id.)

Based on Plaintiff's allegations, it is unclear whether he voluntarily dropped out of his education program due to his limited energy or whether he was forcibly withdrawn from the program against his wishes. It is also unclear whether the institution is requiring him to remain in his prison job such that he is unable to pursue his educational program. Nevertheless, the Court does not find that Plaintiff's continuing in a position where he is required to wipe tables in the dining hall, a position that Plaintiff describes only as "menial," is one that will lead to imminent danger of serious physical injury to Plaintiff. Therefore, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

///

///

---

3:08-cv-00755-MHP (N.D. Cal.) (dismissed October 8, 2009 for failure to state a claim); (2) Neale v. Sherman, Case No. 1:18-cv-00296-LJO-BAM (E.D. Cal.) (dismissed June 22, 2018 for failure to state a claim); and (3) Neale v. Sherman, Case No. 1:18-cv-00342-DAD-BAM (E.D. Cal.) (dismissed March 23, 2020 for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 6, 2020**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE